IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BRANDI TORRES-WILLS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | |
| ) | CASE NO: _____ |
| EQUIFAX INFORMATION ) | |
| SERVICES LLC & SMITH, ) | |
| ROUCHON AND ASSOC, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff, Brandi Torres-Wills, by and through the undersigned attorneys, brings this action against Defendants Equifax Information Services LLC ("Equifax") and Smith Rouchon and Assoc, Inc. ("Smith") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 et. seq. and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorneys fees.

## THE PARTIES

2. Plaintiff is a natural person and consumer, a resident and a citizen of Calhoun

County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Defendant Equifax is a corporation incorporated under the laws of Illinois. It has its principal place of business in Illinois. It is licensed to do business in Alabama.

4. Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

5. Equifax dispenses such consumer reports to third party subscribers under the contract for monetary compensation.

6. Defendant Smith is a corporation doing business in Alabama and is on information and belief incorporated under the laws of Alabama. Defendant's principal place of business is in Florence, Alabama.

7. Smith is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA and/or a user of consumer credit reports and is also a debt collector as defined by the FDCPA.

## JURISDICTION AND VENUE

8. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff

pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

9. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

10. Plaintiff reviewed her Equifax credit report on November 8, 2004.

11. Adverse information contained in her consumer credit report by Defendant stated and implied that Plaintiff had an account being reported in collections.

12. Specifically, the account was being reported by the Defendant Smith in the amount of $88.00.

13. Plaintiff advised Equifax on or about November, 2004 of the inaccurate reporting of the collection account and requested a reinvestigation of the same.

14. Defendant Equifax performed an investigation and reported to the Plaintiff on December 28, 2004 that the Smith collection account "has been deleted from the credit file".

15. Plaintiff ordered her Equifax credit report in March 2005 and discovered the collection account was once again reporting on the Plaintiff's consumer file.

16. The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Equifax's publication of this adverse credit information.

17. Equifax has repeatedly attributed adverse credit information to the Plaintiff that does not belong to her.

18. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendants.

19. The presence of this inaccurate trade-line and/or collection account on her credit report adversely affects her good name and creditworthiness.

20. Equifax has published very low credit scores about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

21. Equifax has published false adverse action codes about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

22. Equifax prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding the Plaintiff, as defined in the FCRA 15 U.S.C. 1681a.

23. Equifax has repeatedly supplied false consumer reports to its subscribers and attributed said data to the Plaintiff.

24. Equifax chose to continue to prepare and publish false consumer credit reports about Plaintiff.

25. Equifax took inadequate action to update Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

26. Likewise, Equifax failed to take necessary and reasonable steps to prevent further inaccuracies from entering Plaintiff's credit data file and such false data continued

to be posted as new consumer credit reports were prepared, issued and disseminated by Equifax and relayed for further use, reliance and publication by its subscribers.

27. Equifax failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

28. Equifax failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in its consumer reporting data bank, as required by the FCRA.

29. Equifax failed to adopt and follow reasonable procedures to assure that previously deleted false and inaccurate data is not reinserted into the Plaintiff's consumer report.

30. Equifax has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the Plaintiff that such information was inaccurate.

31. Equifax through its fault, as described herein, caused great and irreparable injury to Plaintiff herein.

32. Equifax is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violations of the provisions under the FCRA.

33. Further, by violating the FCRA and using unreasonable procedures for data accuracy and integrity, Equifax and Smith likewise breached their contractual duties.

34. As a result of the misleading and inaccurate information reported by the Defendants, the Plaintiff has suffered sustained actual damages including, financial damages, credit denials, and emotional distress.

35. Defendants' conduct, action and inaction, was wilful.

36. Defendants' actions and inactions, were negligent.

37. Smith published the collection account representations to Equifax and through Defendant, to all of Plaintiff's potential lenders.

38. Defendants did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in her credit file.

39. Defendants willfully determined to follow procedures which it did not review, confirm or verify the identity of persons to whom it grants credit for.

40. The Defendants' wrongful conduct has caused the Plaintiff severed emotional distress.

## COUNT ONE
*Failure to comply with 15 U.S.C. § 1681e(b), 1681i(a), 1681i(a)(5) of the*

*Fair Credit Reporting Act and State Laws by Defendants.*

41. This is a count against Defendant Equifax for its willful and negligent violations of 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(a)(5) of the FCRA and state law.

42. Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

43. Defendant willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in consumer credit reports.

44. Defendant willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer credit report.

45. The trade-line contained within the Plaintiff's Equifax report as published by Defendant rendered that Equifax report inaccurate.

46. Following receipt of the Equifax consumer report, the Plaintiff requested that Defendant reinvestigate the inaccurate collection account.

47. As part of the reinvestigation, Defendant was required to notify the furnisher, Smith, of the allegedly inaccurate collection account of the dispute in a notice.

48. That notice was required to include all relevant information regarding the dispute that the agency has received from the consumer.

49. As part of the reinvestigation, Defendant was required to consider and give due weight to all relevant information submitted by the Plaintiff.

50. Defendant negligently and/or willfully failed to properly consider and give due

7

weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

51. In response to the request for reinvestigation, Defendant did not perform a proper reinvestigation, and did not delete the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5) when in fact it informed Plaintiff it had.

52. After Defendant notified Plaintiff that the inaccurate and false data was deleted, the Defendant re-reported the previously deleted collection account and failed to inform the Plaintiff of the reinsertion in violation of the FCRA, 15 U.S.C § 1681i(a)(5)(B)

53. Defendant has maintained the inaccurate collection account on the Equifax report of the Plaintiff.

54. Defendant has negligently and/or willfully failed to conduct a proper reinvestigation of the collection account and has allowed previously deleted data to be reinserted in violation of the of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

55. The Plaintiff suffered damages as a result of this violation of the FCRA.

56. Defendant's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Equifax for:

    A. Actual damages;

    B. Punitive damages;

    C.    Statutory damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    D.    Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    E.    For such other and further relief as may be just and proper.

## COUNT TWO
*Defamation*

57. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

58. Between at least 2004 through the present, Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that Plaintiff was delinquent in paying on her account and it was placed in collections.

59. Defendants published this information both orally and in writing.

60. Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified them that the account was not reported accurately and should have never been placed into collections.

61. Plaintiff continued to notify Defendants by letters and/or telephone and/or through its collection agencies that the charges were a mistake and she was not liable for the amount due..

62. The written publications by Defendants constitute liable per se. The verbal

publications constitute slander per se.

63. Despite Plaintiff's notice, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not her. Moreover, Defendant Smith acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed collection account was that of the Plaintiff. Defendants' acts constitute express or actual malice.

64. Defendants have defamed the Plaintiff by publishing misleading and/or inaccurate information to third parties regarding her creditworthiness.

65. As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain credit, mental anguish, and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Smith for:

    A. Actual damages;

    B. Punitive damages;

    C. For such other and further relief as may be just and proper.

## COUNT THREE
*FDCPA violations of Smith*

66. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

67. This is a count against the Debt Collector Smith Creditors Association for violations of the FDCPA.

68. Smith violations of the FDCPA include, but are not limited to, the following:

69. On information and belief, failing to qualify to do business in this state and failing to obtain a license to collect debts as required by Alabama law in violation of 15 U.S.C. § 1692.

70. The false representation of the character, amount, and/or legal status of the account by Smith is in violation of 15 U.S.C. § 1692e(2)(A);

71. The unfair and/or unconscionable means to collect the debt by reporting it on Plaintiff's consumer report is in violation of 15 U.S.C. §1692f;

72. Smith violated the FDCPA in other ways not specified herein.

73. As a result of Smith's violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress and is also entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    A. Actual damages;

B. Punitive damages;

C. Statutory damages pursuant to 15 U.S.C. §1692k;

D. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;

E. For such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED,**

DATED this the 10th day of May, 2005.

JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD (UNDEE6591)

Law Offices of Earl P. Underwood, Jr.
21 South Section Street
PO Box 969
Fairhope Alabama 36533
(251) 990-5558
(251) 990-0626 (Fax)

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

James D. Patterson

**Please serve this complaint by certified mail.**